IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| LLOYD MACK ROYAL, III | * | |
|     Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | Civil No. AW-13-386 |
| | * | Criminal No. AW-09-48 |
| UNITED STATES OF AMERICA | * | |
| | * | |
|     Defendant. | * | |
| | * | |

***********************************************************************

## MEMORANDUM OPINION

Presently before the Court is Petitioner/Defendant Lloyd Mack Royal, III ("Petitioner")'s Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court will **DENY** Petitioner's Motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In 2010, a jury found Petitioner guilty of the following crimes: conspiracy to commit sex trafficking in violation of 18 U.S.C. § 371 (Count One); three counts of sex trafficking in violation of 18 U.S.C. § 1591 (Counts Two, Three, and Four); possession of a firearm in furtherance of crimes of violence in violation of 18 U.S.C. § 924(c) (Count Five); conspiracy to distribute marijuana and cocaine in violation of 21 U.S.C. § 846 (Count Six); and distribution of controlled substances, cocaine and phencyclidine (PCP), respectively, to persons under the age of twenty-one in violation of 21 U.S.C. § 841(a)(1) and § 859 (Counts Seven and Eight). Using a special verdict form, the jury found that, as to Counts Two, Three, and Four, Petitioner knew that each of his victims was under the age of eighteen and that force, fraud, and/or coercion would be used to cause them to engage in commercial sex acts.

1

On July 19, 2010, this Court sentenced Petitioner to thirty-seven years imprisonment. Petitioner filed a notice of appeal on July 23, 2010, arguing that this Court erred when calculating his sentence, but not appealing on other grounds. A Fourth Circuit panel rejected Petitioner's contentions and affirmed the sentence on August 10, 2011. On September 7, 2011, the Fourth Circuit then denied Petitioner's request for rehearing en banc. His petition for writ of certiorari was denied on January 17, 2012, leaving petitioner with one year from January 17, 2012 to file a Motion to Vacate under 28 U.S.C. § 2255. *See United States v. Segers*, 271 F.3d 181, 182-86 (4th Cir. 2001) (holding that one-year statute of limitations for filing a § 2255 motion begins to run when the Supreme Court denies the petition for writ of certiorari).

The present Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 was filed on January 15, 2013. Doc. No. 121. Though Petitioner did not complete the questions that allow the party to substantiate the grounds for his or her claim, he indicated next to question six that he was not advised that he was entitled to a trial before a judge. *Id.* at ¶ 6, 14-15. Petitioner also attached two letters written to his trial counsel, Mr. Trainor, and his appellate counsel, Mr. Lease. The letters do not directly say that Mr. Trainor or Mr. Lease performed ineffectively, but Petitioner's letter to Mr. Trainor appears to express general frustration with Mr. Trainor's failure to provide the requested materials detailed in the letter as Petitioner prepared a § 2255 petition. *Id.* Ex. A.[1]

In its response, the Government construed Petitioner's motion to claim that his trial counsel erred regarding the Government's use of an expert witness and failure to inform Petitioner that he was entitled to a trial by judge. Doc. No. 124. Referring to the record, the

---

[1] Petitioner requested, among other things, docket sheets, indictment materials, discovery materials, pre-trial motions, trial transcripts, sentencing memoranda, and copies of appellate briefs. Doc. No. 121. Ex. A.

Government disputed Petitioner's claims and requested that the Court deny his petition. Doc. No. 124 at 5.

Petitioner replied to the Government's response on April 18 and May 23, 2013, offering additional support for his assertion that trial counsel was ineffective by failing to provide materials for his appeal. Doc. No. 126. Petitioner also raised new issues not raised in the motion. Specifically, Petitioner alleged that: 1) his trial counsel failed to call witnesses to refute the testimony of two Government witnesses, William Best and Chad Eastman, as Petitioner requested,[2] Doc. No. 126 at 5; 2) his trial counsel failed to refute the testimony of Eugene Melendez consistent with Petitioner's instructions, which led to an inadequate defense on the issue of whether Petitioner committed crimes at 522 Caurosel Court, Doc. No. 126 at 7; Doc. No. 127 at 2-4; 3) his trial counsel failed to address whether it was legal for the Government to use a tracking device on his girlfriend's car, Doc. No. 127 at 8-9; 4) his trial counsel did not call witnesses to counter the Government's evidence of Petitioner's involvement in one of the alleged sex trafficking commercial sex acts regarding customer Mr. Witherspoon, *id.* at 9-10; 5) his trial counsel failed to request a rape kit to refute the testimony of several witnesses that Petitioner anally raped victim Michelle P., *id.* at 11; and 6) the Government engaged in "Prosecutorial and Procedural Misconduct and Selective Prosecution" by putting "all of [his] family and friends on their witness list," creating a bias against him and suggesting to the jury that he had no supporters, *id.*

Petitioner also asserts that his appellate counsel did not provide him with the "materials needed," presumably, to file an effective § 2255. Doc. No. 126 at 2. Petitioner concludes that appellate counsel's failure to secure these documents from trial counsel suggests that Mr. Lease

---

[2] Best and Eastman, at the time of their testimony, were Montgomery County Police Officers. They testified on March 23, 2010. Doc. No. 82.

was ill-prepared as Petitioner's appellate counsel. *Id.* at 3. The Government filed a timely Motion for Extension of Time to File Reply/Response, later filing a Surreply to Petitioner's new claims. Docs. No. 131-32. As the issues are fully briefed, the Motion is ripe for the Court's consideration.

## II. ANALYIS

### A. Treatment of Reply as Motion to Amend Original § 2255 Petition

"Documents filed pro se are . . . held to less stringent standards than formal pleadings drafted by lawyers." *Saracay-Orellana v. United States*, No. CIV.A. RDB-12-3548, 2013 WL 2490235, at *3 (D. Md. June 7, 2013) (internal quotation marks omitted) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). In view of the liberal construction afforded to pro se Petitioners seeking relief under § 2255, courts have construed pro se filings and subsequent reply briefs as motions to amend. *See Evans v. United States*, Civil Action No. DKC 2004–2830, 2007 WL 2572432, at *1 (D. Md. Sep. 4, 2007) (construing supplemental filing as motion to amend); *Jeffries v. United States*, No. 1:10CV205, 2011 WL 240456, at *1 (W.D.N.C. Jan. 24, 2011) (construing petitioner's "Motion to Supplement Memorandum to Section 2255 Motion" as a motion to amend). Accordingly, this Court will construe Petitioner's April 18 reply brief as a Motion to Amend his original § 2255 petition.

### B. Timeliness of Claims from Petitioner's Motion to Amend

In the Surreply, the Government asserts that the issues raised in Petitioner's reply are new claims that both exceeded the scope of a reply and are also untimely. Doc. No. 132 at 3-5. Citing Fourth Circuit cases in which the courts declined to consider issues or claims raised in a reply, the Government asserts that all claims raised in Petitioner's reply are barred. *See id.* at 4-5 (citing *United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004)). Although the Court

disagrees that these claims are barred outright because they are raised in the reply, it ultimately agrees that they are untimely.

Arguments from a motion to amend "might still be considered on their merits if they relate back to the timely petition . . . ." *Mubang v. United States*, No. CIV.A. DKC 06-1838, 2011 WL 3511078, at *16 (D. Md. Aug. 9, 2011). Courts have permitted amendments and supplements to § 2255 petitions to relate back to the original petition "when the new claim arises from the same core facts [in time and type] as the timely filed claims." *Gray v. Branker*, 529 F.3d 220, 241 (4th Cir. 2008) (internal quotation marks omitted) (quoting *Mayle v. Felix*, 545 U.S. 644, 657 (2005)); *see also United States v. MacDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011) ("Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts."); *Evans*, 2007 WL 2572432 at *2-3 (treating new issues and claims from reply brief as an amended motion relating back, but denying the motion to amend because the issues raised by Petitioner were not within the same set of facts as the original motion). However, the events or occurrences underlying a claim of ineffective assistance of counsel must be carefully defined so as to not "view[] 'occurrence' at too high a level of generality[,]" thus overincluding unrelated events. *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000); *see also Branker*, 529 F.3d at 241-42 (declining to relate back ineffective assistance claim on grounds that ineffective assistance in *state* habeas proceedings does not constitute cause for *federal* habeas petitioner's failure to assert claim on timely basis).

Petitioner's arguments regarding his difficulty in securing the requested material from Mr. Trainor are the only ones that could possibly arise from the same core facts of the original Motion to Vacate. Petitioner's original Motion only directly addressed the fact that Petitioner

was not told that he was entitled to a trial by judge. Doc. No. 124. Furthermore, even the most liberal construction of the exhibits attached to the original Motion does not permit the court to relate back anything more than Petitioner's general frustration with Mr. Trainor's lack of diligence in sending materials to Mr. Lease. Doc. No. 121 Ex. A. The original motion relates only to Mr. Trainor's alleged ineffectiveness in assisting Petitioner to prepare a § 2255 petition, and cannot be read to relate to Mr. Trainor's performance during trial. As such, all claims of ineffective assistance related to Mr. Trainor's alleged failure to call certain witnesses or object to the testimony of the Government's witnesses during trial do not relate back and, thus, are untimely.

Petitioner's original motion cannot be construed to make any ineffective assistance claims against Mr. Lease. Petitioner even thanked Mr. Lease in his letter, remarking that he "cannot ask for nothing more from an attorney." Doc. No. 121 Ex. A. Though Petitioner tries to recant this statement in his motion to amend, he expressed nothing but satisfaction with Mr. Lease's performance in his original Motion. Thus, any claims of ineffective assistance during Petitioner's appeal are similarly untimely. Petitioner's Motion to Amend also raises an argument about the Government's alleged "Prosecutorial Misconduct." For the same reasons that his claims of ineffective assistance against trial and appellate counsel are untimely, the Court cannot assess the merits of his claims against the Government.

Thus, Petitioner's Motion to Amend his timely Motion to Vacate is granted in-part and denied in-part. The Court will now address Petitioner's remaining claims that Mr. Trainor told him that he was not entitled to a judge trial and that Mr. Trainor failed to provide the requested materials as Petitioner sought to prepare a § 2255 Motion to Vacate.[3]

---

[3] Though the Court declines to address the merits of Petitioner's untimely claims, the Government briefly does so in its initial Response and Surreply to Petitioner's Motion. Doc. Nos. 124, 132. However, as Petitioner's original

### C. Ineffective Assistance of Counsel Claim

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must "show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing the performance of counsel, courts adopt a "strong presumption" that counsel's actions fall within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

In evaluating the first part of the *Strickland* test, courts should make every effort to evaluate attorney conduct from counsel's perspective at the time of representation, applying a strong presumption of competence with respect to the actions of defense counsel. *See Roach v. Martin*, 757 F.2d 1463, 1477 (4th Cir.) (citation omitted) ("[U]nder *Strickland*, we should be extraordinarily slow to second-guess counsel's trial strategy."); *see also Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991) (discussing highly deferential standard applicable to counsel's original decisions that are subsequently challenged in collateral proceeding).

Under the prejudice prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also Holton v. United States*, No. CIV.A. RDB-12-2380, 2013 WL 2250150, at *4 (D. Md. May 21, 2013) (holding that defense counsel's failure to present evidence concerning a Government witness's credibility would not have impacted the witness's character for truthfulness, and that the result of the trial likely would not have changed had the evidence been allowed). In evaluating the potential prejudice to Petitioner from his counsel's

---

Motion is lacking in substance, and Petitioner's Amended Motion and Supplements raise issues that are procedurally barred, the government has effectively not had the opportunity to provide a complete response to the Petitioner's claims.

alleged deficiencies, a "[c]ourt must consider the totality of the evidence." *United States v. Crum*, 65 F. Supp. 2d 348, 351 (D. Md. 1999) (citation omitted).

In this case, Petitioner has failed to show ineffective assistance of counsel. From the perspective of trial counsel, Petitioner faced eight different charges, some of which involved physical and sexual abuse of minors; no attorney would be able to predict how a judge or jury would respond to these issues. The trial lasted five days and was contested fiercely by both Parties. Although Petitioner was entitled to waive his right to jury trial, such an action is exactly the type of strategic trial decision courts should hesitate to second-guess. It is also unclear how this decision might have prejudiced the Petitioner or led to a different outcome. Petitioner likely would have presented the same evidence to a judge, and it is not clear how the Government's case would have changed. Therefore, trial counsel's alleged misrepresentation to Defendant, and the subsequent decision to forgo a judge trial, does not constitute ineffective assistance of counsel.

Similarly, Petitioner's claim that Mr. Trainor did not provide the requested materials does not speak to the deprivation of any constitutional right at trial or appeal. Petitioner requested materials from Mr. Trainor only *after* proceedings ended and the Supreme Court denied the petition for certiorari. *See* Doc. No. 121 Ex. A. As a result, Petitioner effectively does not have a claim against Mr. Trainor on these grounds.

### III. CONCLUSION

The Court has gone to great lengths to liberally construe Petitioner's § 2255 motion. Understandably, the Government has vigorously opposed any consideration of the merits of any of Petitioner's claims. At the end of the day, the Court concludes that Petitioner has not carried his burden of establishing a claim of ineffective assistance of counsel with regard to trial

counsel's decision to forgo a judge trial.  In addition, Petitioner does not have a cognizable claim with respect to his claim that trial counsel was not diligent in sending Petitioner materials to file a motion to vacate.  Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 is hereby **DENIED.**

## IV. A CERTIFICATE OF APPEALABILITY

There is no absolute entitlement to appeal a district court's denial of a Motion under § 2255.  *See* 28 U.S.C. § 2353(c)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  To meet this burden, an applicant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Petitioner has raised no arguments that cause this Court to view the issues as debatable, or find that the issues could have been resolved differently, or to conclude that the issues raise questions that warrant further review.  Accordingly, the Court denies a Certificate of Appealability.

A separate Order follows.

| July 24, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |